**Salvador Del Real SUAREZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73484.

Agency No. A75–301–400.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**690**

Bruce C. Wong, Powell Law Group LLP, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM**

Salvador Del Real Suarez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals'

("BIA") order summarily affirming the immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual determinations concerning a petitioner's eligibility for asylum, and must uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Suarez testified that in approximately 1985, he was harassed and beaten by members of the Institutional Revolutionary Party ("PRI") because his family supported the National Action Party ("PAN"). He also testified that although his father and brothers have been threatened in the past by PRI members, they continue to reside unmolested in Mexico and remain politically active.

Contrary to Suarez's contention, the record does not compel the conclusion that Suarez suffered past persecution or has a well-founded fear of future persecution based on any enumerated ground. Suarez was beaten only once and did not testify that he sustained any injury. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (single incident of detention and beating did not compel finding of past persecution). Nor is there evidence that Suarez would be targeted by the PRI if he returned to Mexico. Accordingly, the IJ's conclusion that Suarez did not establish eligibility for asylum is supported by substantial evidence. *See Elias–Zacarias*, 502 U.S. at 483–84, 112 S.Ct. 812.

Suarez, in failing to qualify for asylum, necessarily failed to satisfy the more stringent standard required to establish eligibility for withholding of removal. *See Pe-*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*dro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

We do not reach Suarez's contention that he is entitled to relief under Article 3 of the United Nation's Convention Against Torture because Suarez did not raise this before the BIA. *See Cortez–Acosta v. INS*, 234 F.3d 476, 480 (9th Cir.2000) (failure to raise an argument before the BIA deprives this court of jurisdiction).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.